**UNITED STATES of America ex rel.
Ralph SCOTT**

v.

**J. Edwin LaVALLEE, Warden.**

**No. 69 Civ. 2627.**

United States District Court,
S. D. New York.

Oct. 29, 1969.

PALMIERI, District Judge.

The petitioner is a New York State prisoner presently incarcerated at Clinton State Prison, Dannemora, New York. In 1967 he pleaded guilty in the Supreme Court, Bronx County, to the crime of robbery. The petitioner's application by way of a writ of habeas corpus was denied by this Court on June 13, 1969, for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254. Thereafter, and in consequence of a "supple- mental affidavit" dated June 12, 1969, in which petitioner made the further claim that he was deprived of the assistance of other inmates in the preparation of legal papers by virtue of prison regulations, this Court vacated its order of June 13, 1969. The Attorney General of New York was requested to file papers on the question as to whether the prison regulations assailed by the petitioner amount to a denial of access to the courts within the meaning of Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

The answering papers of the Attorney General are now at hand; they include a detailed affidavit by the respondent warden of the Clinton State Prison. It is made clear that legal assistance of prisoners by other prisoners, as well as access to law books, are not prohibited, but are simply subject to reasonable regulation and control by the warden. Indeed, prison administration would not be feasible without such control and regulation.

The prison rule struck down by the Supreme Court in Johnson v. Avery, *supra,* was absolute in its terms, and effectively prevented illiterate or poorly educated prisoners from having any access to the courts. In consequence, the regulation made it impossible for them to avail themselves of the writ of habeas corpus. There is no comparable situation here. The petitioner has not been prevented or unduly hindered in seeking to assert his claims.

Accordingly, this Court reaffirms its order of June 13, 1969, and denies the petition for failure to observe the exhaustion requirement prescribed by § 2254, Title 28, United States Code.